### GLOVER v STATE
### HARGRAVE v STATE

Ohio Appeals, 2nd Dist, Greene Co
Nos. 310 & 311. Decided April 25, 1929

Mr. F. L. Johnson, Xenia, for Glover and Hargrave.
Mr. J. Carl Marshall, Xenia, for State.

**HORNBECK, J.**

Counsel makes a strong and effective presentation upon the theory suggested. If it were necessary, as a matter of law, that Marshall be corroborated either as to the sale to him by Glover or the furnishing of the liquor to him by Hargrave, through Glover, then neither of these defendants could have been convicted, and this court should reverse. There is no corroboration of Marshall's testimony on the most vital questions for determination by the trial court, viz: the actual selling and the actual furnishing of the liquor, but it is not now, nor never has been, the law that a jury or a court clothed with power to determine disputed questions of fact, could not base their determination upon the uncorroborated story of a witness. As a matter of fact men have been convicted of every crime defined in the statutes upon the testimony of a single witness. The propriety of this may be doubtful but it is implanted in our jurisprudence and is settled beyond question. However it can not be said that Marshall was not corroborated in some particulars of his testimony, which corroboration, if believed, materially strengthens his statement in the particulars wherein there was no corroboration. For instance, the witness John Baughn, who says that about the time fixed by Marshall on the day of the alleged sale and furnishing of the liquor, he saw Glover pass his office in Jamestown on the other side of the street, that he turned toward Cedarville, that he saw Mr. Marshall get in his car and follow Mr. Glover, that in about fifteen or twenty minutes he saw Mr. Glover come back and Mr. Marshall also came up and parked his car and then brought into his office the bottle which was identified as an exhibit in the case.

It is true there is a direct conflict in the testimony of Marshall and the defendants and there is corroboration in the record of the story of the defendants, but it is a rule so well recognized by counsel that it seems almost unnecessary to state it, that a reviewing court cannot reverse in a criminal case unless the judgment of the trial court, or the verdict of the jury, in determining the questions of fact, is manifestly against the weight of the evidence. Nor does the fact that a reviewing court may come to a conclusion different from the trial court justify a reversal. The rule is correctly and effectively stated in **Lupico vs. State, 25 Ohio Apellate Reports at page 40**, and there are also cited a number of decisions of the higher courts enunciating the test which the reviewing court must observe. The trial judge had the opportunity to see the witnesses, both on behalf of the state and the defendants, and those who testified for them. He had the opportunity to observe their appearance and demeanor and to judge the probability of their stories in the light of these conditions. If what Marshall said was true and his testimony is purely a question of credibility and veracity, then there can be no doubt that both defendants were guilty as charged. On the other hand, if what the defendants say was a true version of the facts, the court was in error. There was the usual sharp conflict in testimony. It was the function of the trial court to weigh the evidence. He held against the defendants. This court cannot say that in so doing his judgment was manifestly against the weight of the evidence.

The judgment of the lower court in both cases will therefore be sustained and they will be remanded for execution of sentence.

Kunkle, PJ., and Allread, J., concur.